UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM FARNHAM,

    Petitioner,

v.                                          Case No. 1:23cv172-AW-HTC

SECRETARY FLORIDA DEPARTMENT OF CORRECTION,
FLORIDA ATTORNEY GENERAL,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, William Farnham, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his sentences in Dixie County Case Number 2003-CF-93. Doc. 1. Upon review of the petition, the Secretary's response (Doc. 17), Farnham's reply (Doc. 26), and the relevant state court documents,[1] the undersigned recommends the petition be DISMISSED without an evidentiary hearing because Farnham has failed to exhaust state remedies.

I.    **BACKGROUND**

On June 21, 2005, Farnham entered a plea of guilty to one count of sexual battery committed on a child less than 12 years of age (Count 1) and one count of

---

[1] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).

lewd battery on a child less than 12 years of age (Count 2).[2] The court sentenced Farnham to 12 years' imprisonment and 5 years' probation on Count 1 and 12 years' imprisonment and 3 years' probation on Count 2, to run concurrently. Doc. 17-7 at 2. Farnham did not file an appeal or seek other postconviction relief. Doc. 1 at 2-3. Farnham served 9 years and was released in 2013. While on release, he violated his probation, and on November 16, 2016, Farnham pled guilty to the violations, resulting in a revocation of probation and a sentence of 20 years' imprisonment on each of Counts 1 and 2 (to be served concurrently), with credit for 3,909 days of time served. Doc. 17-5 at 2; Doc. 17-6.

On July 11, 2018, Farnham filed a *pro se* Motion to Correct Illegal Sentence, arguing the court incorrectly calculated the time he had already served in jail and prison. Doc. 17-8. As the Secretary notes in his response, nothing in the state docket shows the state court took any action on that motion. Doc. 17 at 3.

On February 27, 2023, Farnham, through counsel, filed another motion to correct illegal sentence alleging the sentence he received exceeded the maximum penalty. Doc. 17-9. Specifically, he alleged the maximum punishment for the attempted sexual battery count is 30 years in prison, but the court sentenced him to a total of 32 years when the 12-year sentence imposed on June 21, 2005, is combined

---

[2] Farnham was also charged with an escape charge (count 3), was tried separately on that charge, and found guilty. Doc. 17-1 at 6-7, 106. The court sentenced Farnham to 5 years of prison. *Id.* at 127-31. Farnham appealed that sentence, and it was affirmed. *Id.* at 163-64; Doc. 17-2 at 2.

Case No. 1:23cv172-AW-HTC

with the 20-year sentence imposed on the violation of probation in November 16, 2016. Likewise, Farnham agued the maximum punishment for the lewd battery count is 15 years in prison, and the combined sentences imposed on June 21, 2005, and on November 16, 2016, surpassed the maximum by 17 years.

On March 22, 2023, the state court held a hearing on the February 27, 2023, Motion to Correct Illegal Sentence, and issued an order amending the original sentences on count 1 to 20 years and the sentence on count 2 to 15 years, to run concurrently, with 904 days of jail credit and credit for time served in prison. Doc. 17-10. The amended sentence and judgment were intended to clarify that the violation of probation sentences were intended to replace the original 12 years on each count, rather than add to the sentence on each count. Doc. 17-10; Doc. 17-11.

Farnham did not appeal or otherwise challenge the circuit court's March 22, 2023's amended judgment and sentence. Farnham filed the instant petition on June 26, 2023.[3] ECF Doc. 1 at 1.

## II.   ANALYSIS

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies available, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an

---

[3] Farnham remains in custody today for violating his controlled release, which was a condition of his probation. Doc. 27, *See State v. Farnham*, 2003 CF 93 (March 19, 2024).

Case No. 1:23cv172-AW-HTC

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845). When a petitioner files his federal habeas petition prior to exhausting state court remedies that are still available, the district court should dismiss the petition without prejudice to allow exhaustion. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Kelley v. Sec'y for the Dep't of Corr.*, 377 F.3d 1317, 1351 (11th Cir. 2004).

In the instant petition, Farnham alleges that he is challenging his June 2005 judgment and sentence to 20 years' incarceration. Doc. 1. Since the 20-year sentence was imposed in the March 2023 amended sentence and judgment, the Court presumes it is that judgment and sentence (and not the 2005 judgment and sentence) that Farnham is seeking to vacate. As bases for that challenge, Farnham alleges, generally, in Ground One, that he is "illegally incarcerated" and, generally, in Ground Two, that such incarceration violates his "due process rights."[4]

---

[4] In Ground One, titled "Illegally Incarcerated", Farnham alleges:
> This Petitioner is presently illegally incarcerated. The lower tribunal resentenced this Petition to reinforce a judgement. The Florida Department of Corrections has not and has not intentions to release this Petitioner in accordance with the law. His release is required since he is being held against the laws and statutes.

Case No. 1:23cv172-AW-HTC

Farnham, however, cannot seek federal habeas relief because Farnham did not appeal the 2016 violation of probation judgment and sentence, or the March 2023 amended judgment and sentence. *See* Fla. R. App. P. 9.140(1)(D) & (E) (permitting a defendant to appeal "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both" and "an unlawful or illegal sentence"); *see also* Fla. R. of Crim. P. 3.800(a)(4) ("the defendant has the right to appeal within 30 days of rendition of the order" denying the Rule 3.800(a) motion). Farnham has also not filed any post-conviction 3.850 motions challenging the 2016 sentence or the subsequent 2023 amended judgment and sentence. *See* Fla. R. Crim. P. 3.850 ("A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final" unless new law or facts justify it).

Farnham admits in the petition that he failed to exhaust state remedies. In response to the question on the petition as to why each claim was not exhausted, he answered, "Nothing was exhausted since this is an illegal incarceration and due process / constitutional issue." Doc. 1 at 5 & 7. Also, despite filing a reply in

---

In Ground Two, titled "Due Process Violation", Farnham alleges:
> This Petitioner has and continues to have his due process rights violated since he remains incarcerated against the laws and statutes.

*Id.* at 5, 7.

response to the Secretary's failure to exhaust argument, Farnham states only as follows:

> On [illegible date in 2003], Petitioner was sentenced to 20 years for the charge of "Attempted" Sexual Battery & Lewd Lascivious. On date 9/11/13 Petitioner was released from DOC on 11/16/16 Petitioner was sentenced to a 20-year sentence for a V.O.P. with all time credit from 7/2/2003 sentence with all time run concurrent for count 1 & 2. Count 3 of escape previously dismissed. There was "never" no 30 or 32 year sentence as the State claims. So I ask the Court for compensation for 275 days and to dismiss rest of sentence.

Doc. 26.

### III.  CONCLUSION

Because Farnham has failed to exhaust state remedies prior to filing this habeas petition, the petition should be dismissed. However, because the time to raise motions under Florida Rules of Criminal Procedures 3.850 and 3.800 lasts for two years, Farnham may conceivably still be able to raise these issues in such motions if a state court deems the time to have commenced after the actions of March 22, 2023. Therefore, the dismissal should be without prejudice. *See Kelley*, 377 F.3d at 1351.

#### A.  An Evidentiary Hearing Is Not Warranted

The undersigned also finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v.*

*Landrigan*, 550 U.S. 465, 474 (2007). Here, because the petition is unexhausted, an evidentiary hearing is not warranted.

### B. Certificate Of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition be DISMISSED WITHOUT PREJUDICE as unexhausted.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 31st day of May, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 1:23cv172-AW-HTC